**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
---------------------------------------------------------------
A.C. and P.D., individually,
and on behalf of their disabled daughter, T.C.,

                      Plaintiffs,

       - against -                              **COMPLAINT**

New York City Department of Education,

                      Defendant.
---------------------------------------------------------------

       Plaintiffs A.C. and P.D.., individually, and on behalf of their daughter, T.C., by their authorized attorneys, Mayerson & Associates, as and for their Complaint against defendant, the New York City Department of Education, allege and state the following:

1.      Plaintiff T.C., the daughter of A.C. and P.D., is a minor child classified with an IEP-eligible disability who presents with a variety of significant deficits and interfering behaviors. T.C.'s deficits are pervasive, global and complex and they transcend behavioral, communication, social and physical domains.

2.      Plaintiffs were at all relevant times, and still are, residing within New York City and are entitled to all rights, entitlements, and procedural safeguards mandated by applicable law and statutes including, but not limited to the Individuals with Disabilities Education Improvement Act ("IDEIA," more commonly known as "IDEA"), 20 U.S.C. § 1400, *et seq.*, the pertinent implementing regulations promulgated under the Code of Federal Regulations, Article 89 of the New York State Education law and Part 200 of the Commissioner's Regulations.

3.      Plaintiff T.C.'s New York City student identification number is 208-508-523.  Plaintiffs, though well known to defendant, are not expressly named herein by their given names or specific address because of the privacy guarantees provided in the IDEA statute, as well as in the Family

Educational Rights Privacy Act, 20 U.S.C. § 1232(g) and 34 C.F.R. § 99.  Upon the request of this Court, plaintiffs are prepared to disclose such information on an *in camera* basis.

4.       Defendant New York City Department of Education ("DOE"), upon information and belief, is a duly constituted school district organized under the laws of the State of New York, and is the local education agency ("LEA") charged with the obligation to provide disabled students with a free appropriate public education ("FAPE").  Defendant DOE maintains its principal offices within this district.

### The Relief Being Sought

5.       This action is brought on behalf of plaintiffs pursuant to the fee-shifting provisions of 20 U.S.C. § 1400, *et seq.*, ("IDEA") and, in particular, 20 U.S.C. §§ 1415.

6.       This action follows a bench trial pertaining to the 2017-2018 school year that ultimately resulted in a hearing officer's decision, on the merits, in *plaintiffs'* favor.  The hearing officer's decision is now final and non-appealable and awarded plaintiffs valuable financial relief, as well as other related relief.

### Jurisdiction and Venue

7.       This Court, pursuant to 20 U.S.C. §§ 1415(i)(2) and (3), 34 C.F.R. §§ 300.516 and 300.517, 28 U.S.C. §§ 1331 and 1367, has jurisdiction of this action without regard to the amount in controversy, as T.C. and her parents clearly emerged as the "prevailing party."  Venue is properly laid in that defendant's principal offices are situated within this judicial district.

### Factual Background

8.       Pursuant to the IDEA statute, as well as the New York State Education Law, all school agencies within the State are required to offer eligible students with disabilities special education programs and services that are tailored to meet the individual needs of each child with a

disability.  The FAPE required under IDEA will be different for each child, as IDEA does not permit a "one size fits all" approach.

9.      Pursuant to the IDEA statute, as well as the New York State Education Law, all school agencies within the State are required to offer eligible students with disabilities special education programs and services that are tailored to meet the individual needs of each child.  The FAPE required under IDEA will be different for each child, as IDEA does not permit a "one size fits all" approach.

10.     For the 2017-2018 school year, on or about September 1, 2017, T.C. and her parents initiated an administrative, due process proceeding against defendant in order to secure reimbursement and other related relief based upon defendant's failure to provide T.C. with a FAPE for purposes of the 2017-2018 school year.

11.     After the appointment of a specially trained and highly experienced impartial hearing officer ("IHO"), Martin Schiff, Esq., on or about November 13, 2017, the Demand for Due Process was amended to update and clarify T.C.'s claims, address modifications in T.C.'s program, and update the proposed solution.

12.     A pre-hearing conference was convened on March 15, 2018 to discuss the status of the case and possible settlement.  However, the parties were simply too far apart to come to any agreement.

13.     On May 16, 2018, after trial preparation and "five day disclosures", plaintiffs and their highly experienced counsel put on T.C.'s case.  The record consists of eighteen exhibits, the sworn testimony of five witnesses and a transcript consisting of 225 pages.

14.     Although plaintiffs and their counsel had exercised due diligence to be ready to rebut defendant's "Prong I" evidentiary showing, that showing turned out not to be necessary because

the Department of Education effectively conceded Prong I at the hearing by failing to put forth any evidence or call any witnesses (to prove that it provided T.C. with a FAPE for the 2017-2018 school year). Defendant could have saved itself a lot of money had it conceded the Prong I issue *before* plaintiffs' counsel proceeded to prepare for trial.

15.     In a sixteen page "Findings of Fact and Decision" dated July 2, 2018, the hearing officer ordered defendant to reimburse T.C.'s parents for the monies they had paid to T.C.'s instructors for T.C.'s home instruction services program.

16.     T.C. and her parents are therefore the "prevailing party" and are entitled to their reasonable attorneys' fees and costs, as fixed by the court after applying the applicable *Johnson* factors and after considering the current (not historical) market rates.

17.     This action is timely brought, as there is an applicable *three-year* statute of limitations as to fee claims.

18.     Under the fee-shifting provisions of the IDEA statute, T.C. and her parents should be awarded their reasonable attorneys' fees and other recoverable costs at the IHO level, in the sum of not less than $28,553.38.[1]

19.     Plaintiffs and their counsel attempted to resolve and compromise the fee claim administratively with the defendant so as not to have to burden or inconvenience the court. While plaintiffs and defendant made some early progress in settlement negotiations, the parties remain too far apart and defendant has not agreed to toll the statute of limitations to allow the parties further time to resolve this administratively (without letting the statute of limitations lapse).  Thus, the instant action is being filed to preserve (and declare) the plaintiffs' entitlement to recover attorneys' fees, the filing fee, and other recoverable costs.

---

[1] Plus the additional costs and fees of this action.

WHEREFORE, by reason of the foregoing, this Court should: (a) declare plaintiffs to be the "substantially prevailing party;" (b) declare plaintiffs' standing under the fee shifting provisions of the statute to seek an award of fees and costs; (c) fix and award plaintiffs' attorneys' fees and related costs and disbursements arising out of or related to the IDEA due process proceeding, in the sum of not less than $28,553.38; (d) award plaintiffs the reasonable costs and fees of this action; and (e) award plaintiffs such other, different and further relief as this Court deems proper.

Dated:      June 28, 2021
            New York, New York

*Gary S. Mayerson*

Gary S. Mayerson (GSM 8413)
Mayerson & Associates
Attorneys for Plaintiffs
330 West 38th Street, Suite 600
New York, New York 10018
(212) 265-7200
(212) 265-1735 (facsimile)